THE STATE OF OHIO, APPELLEE, v. ADAMS, APPELLANT.

[Cite as State v. Adams (1989), 43 Ohio St. 3d 67.]

(No. 88-373—Submitted March 15, 1989—Decided May 17, 1989.)

*Sheilah McAdams* and *Kathryn Reckley,* for appellee.

*Fritz Byers; Wittenberg & Phillips* and *Jerome Phillips,* for appellant.

ALICE ROBIE RESNICK, J. The sole issue before us in this case is: When an accused waives the right to a speedy trial as to an initial charge, can this waiver apply to a subsequently filed charge which arises out of the same facts as the former charge, when the later charge is brought after a *nolle prosequi* is entered as to the first charge?

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, wherein it states that an "accused shall enjoy the right to a speedy and public trial." A similar provision is found in Section 10, Article I of the Ohio Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states by the Fourteenth Amendment. See *Klopfer* v. *North Carolina* (1967), 386 U.S. 213, 222-223; *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 106, 4 O.O. 3d 237, 238, 362 N.E. 2d 1216, 1218, at fn. 2. The speedy-trial provision is " 'an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.' *United States* v. *Ewell,* 383 U.S. 116, 120, (1966) * * *." *United States* v. *Marion* (1971), 404 U.S. 307, 320. Although the United States Supreme Court declined to enunciate mandatory time periods within which the state must bring an accused to trial, "[t]he States, of course, are free to prescribe a reasonable period consistent with constitutional standards * * *." *Barker* v. *Wingo* (1972), 407 U.S. 514, 523.

Our General Assembly has enacted R.C. 2945.71 *et seq.,* which sections "* * * constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State* v. *Pachay* (1980), 64 Ohio St. 2d 218, 18 O.O. 3d 427, 416 N.E. 2d 589, syllabus. In the instant case, appellant was charged with a misdemeanor of the first degree. Thus, the speedy-trial statute required appellee to bring appellant to trial within ninety days of the original charge of July 12, 1986:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." R.C. 2945.71(B)(2).

Because the second charge brought against appellant on October 23, 1986 stemmed from the original set of facts which gave rise to the charge issued on July 12, 1986, the same ninety-day time period also applied to the second charge. "* * * [W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State* v. *Clay* (1983), 9 Ohio App. 3d 216, 218, 9 OBR 366, 367, 459 N.E. 2d 609, 610. See, also, *State* v. *Bonarrigo* (1980), 62

Ohio St. 2d 7, 11, 16 O.O. 3d 4, 7, 402 N.E. 2d 530, 534.

As with other fundamental rights, a defendant can waive the right to a speedy trial. "No reason has been suggested to us and we know of none why a defendant cannot waive his right under R.C. 2945.71 as he might waive any other right accorded him by statute, so long as such waiver is made knowingly and voluntarily." *State* v. *Kidd* (1978), 60 Ohio App. 2d 374, 376, 14 O.O. 3d 326, 328, 397 N.E. 2d 768, 770. See, also, *State* v. *O'Brien* (1987), 34 Ohio St. 3d 7, 9, 516 N.E. 2d 218, 220. Additionally, R.C. 2945.72 provides for several ways in which the statutory time periods can be extended.

If a criminal defendant does waive the right to a speedy trial, however, the waiver must be done knowingly, voluntarily and intelligently. "* * * It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 464. See, also, *State* v. *Singer, supra; State* v. *Tope* (1978), 53 Ohio St. 2d 250, 7 O.O. 3d 408, 374 N.E. 2d 152. This court has said that the provisions of R.C. 2945.71 implement the constitutional guarantee of a speedy trial found in the Constitution of Ohio, and thus "are mandatory and must be strictly complied with by the state. * * *" *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 105, 73 O.O. 2d 357, 358, 338 N.E. 2d 524, 525.

For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady* v. *United States* (1970), 397 U.S. 742, 748. See, also, *State* v. *Ruppert* (1978), 54 Ohio St. 2d 263, 8 O.O. 3d 232, 375 N.E. 2d 1250.

In the case before us, we do not find that appellant's waiver of his right to a speedy trial as to the original charge can be construed as a knowing and intelligent waiver of such a right as to the second charge. Although it is uncontested that the waiver was valid as to the first charge, appellant was neither advised nor knew that such waiver would apply to subsequent charges arising out of the same facts. Unaware that his original waivers could affect the course of a subsequent charge, appellant did not have sufficient knowledge of the consequences of his actions at the time he executed the waivers so that such actions could constitute valid waivers as to the right to a speedy trial of the second charge.

Appellee admits that in certain situations a waiver of the right to a speedy trial should not apply to subsequently brought charges. For example, if one waives the right to a speedy trial for a misdemeanor, it would be unfair to apply this waiver to a subsequently filed felony charge which arose from the same facts and circumstances. However, appellee argues that it is appropriate here to apply the original waivers to the subsequent charge because the two charges at issue are derived from the same statute and generally involve the same conduct.

While it is true that in the case before us both charges stem from R.C. 4511.19, they nevertheless are distinct charges, which could involve different defenses at time of trial. As

seen here, the fact that appellant was not driving on a public road proved to be an effective defense as to the original charge of a violation of R.C. 4511.19(A)(3). In that instance it may have been appropriate to waive the right to a speedy trial, but the accused may not desire to waive the right to a speedy trial as to a charge under R.C. 4511.19(A)(1) since his defense could be different. Indeed, a defendant, for tactical reasons may choose to waive the right to a speedy trial as to an initial charge, but if a *nolle prosequi* is entered as to that charge, other defense considerations may arise which will affect his decision whether to waive the right to a speedy trial as to any subsequent charges stemming from the same set of circumstances. Thus, a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes knowing the exact nature of the crime he is charged with.

The United States Supreme Court found that impairment of an accused's defense was the most serious interest protected by the speedy-trial provisions, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Barker, supra,* at 532.

We are mindful that "[i]t was not the General Assembly's sole purpose in enacting the speedy trial statutes· to reward those accused of criminal conduct for a prosecutor's lack of diligence." *Bonarrigo, supra,* at 10, 16 O.O. 3d at 6, 402 N.E. 2d at 534. Nevertheless, we hold that when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver.

Thus, the trial court should have granted appellant's motion to dismiss pursuant to R.C. 2945.73. We accordingly reverse the judgment of the court of appeals and appellant is hereby ordered discharged.

*Judgment reversed.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and HOLMES, J., dissent.

HOLMES, J., dissenting. The syllabus law in this case should state that when an accused waives the right to a speedy trial as to an initial charge, this waiver *is* applicable to subsequent, additional charges arising from, and inherently within, the same set of facts and circumstances as the initial charge. This court has long preserved the concept that "an accused has a valid interest in, and an independent constitutional right to, a speedy trial." *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7, 11, 16 O.O. 3d 4, 6, 402 N.E. 2d 530, 534. "However, in construing the speedy trial statutes, this court also recognizes the *public's interests* not only in the prompt adjudication of criminal cases, but also *in obtaining convictions of persons who have committed criminal offenses against the state.*" (Emphasis added.) *Id.* at 11, 16 O.O. 3d at 6, 402 N.E. 2d at 534-535. Because the majority has failed to recognize, much less consider, this countervailing public interest, I must respectfully dissent.

R.C. 4511.19(A)(1) and (3), under which the appellant was serially charged below, provide as follows:

"(A) No person. shall operate any

vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath; * * *."

Although subsections (1) and (3) are separate offenses, they overlap and each of them relates to prohibiting alcohol-impaired persons from operating motor vehicles within Ohio. It is precisely this similarity which prevents the state from dismissing the initial charge near the end of the ninety-day period and filing a new charge under a different subsection, thereby enlarging the time for trial. To allow such a practice would impermissibly "undercut the implementation of the 'speedy trial' provisions * * *." *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 106, 73 O.O. 2d 357, 358, 338 N.E. 2d 524, 525. That did not occur in this case, and the state does not contest the fact that because the second charge stemmed from the original facts which gave rise to the initial charge, the same ninety-day period also applied to such second charge, as held by the majority.

But by the same logic, and contrary to the majority's position, there is every reason to conclude that the defendant and his counsel would be aware, upon the initial charge, that other charges reasonably inclusive within the facts of the occurrence could be charged to the defendant. Therefore, it should be determined that appellant's general waiver would be inclusive of these later, timely filed charges.

Applying appellant's prior waivers to the subsequent charge based on the same facts does not frustrate appellant's speedy trial rights. The record reflects that appellant was arrested on July 12, 1986. Six days later, appellant executed the first of a series of waivers of his speedy-trial rights, extending from July 18, 1986 until August 1, 1986. On July 21, appellant requested a pretrial conference, scheduled for August 14, 1986, thus further extending the speedy-trial time. R.C. 2945.72(E) and (H). On August 14, appellant requested an additional pretrial conference, and executed a written waiver of speedy-trial time until September 17, 1986. On September 17, appellant requested a trial date, and executed another written waiver extending until the trial date, October 22, 1986. Thus, appellant knowingly, voluntarily and intelligently waived his speedy-trial time from July 18, 1986 until October 22, 1986—a total of ninety-six days. At this point, only *six days* were chargeable to the state.

Following the *nolle* and immediate filing of new charges here, appellant's speedy-trial guarantee remained in exactly the same status as it was prior to the first waiver. The state had gained no additional time, having eighty-four days remaining to bring appellant to trial. Any extension of time related solely to the tactical actions of appellant. Although the better practice would be to fully charge the defendant with all relevant offenses at the time of his arrest or initial indictment, where possible, the public's interests, stated above, should not be frustrated by the actions of the defendant when the state must, for reasons beyond its control, subsequently charge the defendant on a related offense.

For all the foregoing reasons, the trial court's denial of appellant's motion to dismiss pursuant to R.C. 2945.73 was proper. Thus, I dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.