OPINION
{¶ 1} Shawn R. Boles was found guilty following a plea of no contest of one count of rape and one count of improperly discharging a firearm at or into a habitation, with an attending firearm specification, by the Montgomery County Court of Common Pleas. He was sentenced to fifteen years of imprisonment.
 {¶ 2} Boles was arrested on May 24, 2000, stemming from an incident that day in which he vaginally raped his twelve-year-old daughter, followed her to a neighbor's house where she had fled, and fired shots into the house. He was charged by complaint with rape and improperly discharging a firearm at or into a habitation on May 26, 2000. On June 1, 2000, Boles waived his right to a speedy trial for "every offense which could be charged against [him] as a result of the investigation of the offense with which [he was then] charged." He withdrew his waiver on August 3, 2000. Boles was subsequently indicted by a grand jury on August 28, 2000 on eight counts, including one count of rape of a person under thirteen by force or threat of force; two counts of gross sexual imposition of a person under thirteen; one count of improperly discharging a firearm at or into a habitation, with a firearm specification; two counts of felonious assault, both with firearm specifications; one count of having a weapon while under a disability; and one count of tampering with evidence, with a firearm specification.
 {¶ 3} Boles filed a motion to suppress through his attorney on October 11, 2000. He filed two motions to dismiss, pro se, on November 13, 2000 and December 27, 2000. The trial court overruled all three motions, and the case was set for trial on January 29, 2001. On that date, Boles entered a plea of no contest to rape of a person under thirteen (without a force specification) and to improperly discharging a firearm at or into a habitation, with an attending firearm specification. In exchange, the state dismissed all of the remaining counts and specifications. The agreement provided that Boles would be sentenced to an actual term of fifteen years and that he would be designated as a sexually-oriented offender. The trial court, after a thorough Crim.R. 11(C) colloquy, accepted Boles' plea and found him guilty. The court sentenced Boles to consecutive sentences of ten years on the rape charge, two years on the charge of improperly discharging a firearm at or into a habitation, and three years on the firearm specification to reach the total sentence of fifteen years that was agreed upon in the plea agreement.
 {¶ 4} Boles appealed from this judgment, and an attorney was appointed to represent him. On July 16, 2001, appointed appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, wherein appellate counsel represented that she could find no potentially meritorious issues for review. However, appointed appellate counsel presented one potential assignment of error, that the trial court had committed prejudicial error by denying Boles' motion to dismiss for failure to comply with his right to a speedy trial. On July 18, 2001, this court notified Boles that his appellate counsel had filed an Anders
brief and provided him with sixty days within which to file a pro se brief. On September 10, 2001, Boles filed his pro se brief, which contained eight assignments of error. He subsequently filed a supplemental brief containing two additional assignments of error.
 {¶ 5} We addressed the potential assignments of error raised by Boles' appointed appellate counsel and the assignments raised in Boles' pro se brief, one of which was identical to the assignment raised by counsel. In a decision on February, 15, 2002, we concluded that the only assignment with arguable merit was the potential assignment raised by counsel relating to Boles' right to a speedy trial. See State v. Boles
(Feb. 15, 2002), Montgomery App. No. 18762. Accordingly, we appointed counsel to brief that issue and any other assignments of error counsel determined to have arguable merit.
 {¶ 6} Through that appointed counsel, Boles' has raised five assignments of error, which we will address in the order that best facilitates our discussion.
 {¶ 7} "V. The trial court erred when it overruled defendant's December 27, 2000 motion to dismiss (O.R.C. 2945.71) in so far [sic] as it pertained to charges which did not exist at the time of defendant's June 1, 2000 time waiver."
 {¶ 8} Under the fifth assignment of error, Boles argues that he was denied his right to a speedy trial because the state did not bring him to trial within the time proscribed by R.C. 2945.71. That statute requires that a defendant charged with a felony be brought to trial within 270 days, or 90 days if the defendant is jailed while awaiting trial. R.C. 2945.71(C)(2) and (E). In particular, Boles argues that the trial court erred in concluding that his June 1, 2000 waiver applied to all of the charges filed against him.
 {¶ 9} Boles was arrested on May 24, 2000. The date of the arrest does not count against the state, State v. Stamps (1998),127 Ohio App.3d 219, 223, 712 N.E.2d 762, so we begin counting on May 25, 2000. From May 25, 2000 until Boles executed the waiver of time requirements on June 1, 2000, eight days were counted against the state. Between June 1, 2000 and August 3, 2000 when Boles withdrew the waiver, 63 days passed. The issue under this assignment of error is whether time was tolled during that 63-day period with respect to all the charges eventually brought against Boles.
 {¶ 10} Boles argues that his waiver of time requirements, made when he had only been charged by complaint with rape and improperly discharging a firearm at or into a habitation, did not operate to waive time with respect to the eight counts with which he was indicted on August 28, 2000. The state argues that the waiver explicitly applied to all charges that could be brought against him involving the same facts as the original charges. It further argues that, because Boles did not make a written demand for trial following the withdrawal of his waiver, the state was only required to bring him to trial within a reasonable time. Finally, it argues that any error was harmless because Boles only pled no contest to the charges of rape and improperly discharging a firearm at or into a habitation with a firearm specification and all of the charges added in the indictment were dismissed.
 {¶ 11} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. R.C. 2945.71 et seq. neither enlarges nor diminishes that right but constitutes a rational effort to protect the speedy trial right of an accused. See State v. Pachay (1980),64 Ohio St.2d 218, 416 N.E.2d 589. Thus, the provisions of R.C. 2945.71
et seq. must be strictly construed against the state. Id. at 221. Pursuant to R.C. 2945.73, a defendant is entitled to discharge if the state fails to comply with R.C. 2945.71. See, also, State v. Jackson
(Sept. 18, 1998), Montgomery App. No. 17056.
 {¶ 12} A waiver of speedy trial rights must be made knowingly, voluntarily, and intelligently. See Johnson v. Zerbst (1938), 304 U.S. 458,464, 58 S.Ct. 1019, 1023; State v. Adams (1989), 43 Ohio St.3d 67, 69,538 N.E.2d 1025. Furthermore, we must "`indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we `do not presume acquiescence in the loss of fundamental rights.'"Adams, supra, at 69, quoting Johnson, supra. A waiver is an intentional relinquishment or abandonment of a known right. Id.
 {¶ 13} The Supreme Court of Ohio has held that "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." Adams, supra, syllabus. In Adams, the defendant was charged with driving while intoxicated in violation of R.C. 4511.19(A)(3). He executed several waivers of time limitations, covering a period of 35 days. Thereafter, he was charged with violation of R.C. 4511.19(A)(1) resulting from the same facts as the initial charge. The supreme court concluded that his waivers of time were not applicable to the second charge and stated that "a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes knowing the exact nature of the crime he is charged with." Id. at 70.
 {¶ 14} We expanded upon the supreme court's reasoning in Jackson, supra, in which we held that, even where the accused knows of the possibility of additional charges being brought against him, a waiver of speedy trial rights cannot apply to charges brought subsequent to the waiver. In Jackson, we stated: "Even if Jackson was aware of the possibility or likelihood that [sic] these additional charges when he entered his waiver with respect to the Aggravated Murder charge, and even if he successfully `played out' the subsequent time to his advantage, his waiver cannot apply to the Aggravated Burglary, Aggravated Robbery, or Tampering with Evidence charges or offenses. Jackson was not arrested on those charges and he was not charged with them by complaint or indictment when his waiver was entered. Until such formal charges were filed, Jackson had no statutory right of discharge that he could waive with respect to them. Therefore, and notwithstanding the open-ended nature of the form of waiver that he signed, which identified no particular offense, Jackson's waiver applied only to the sole charge then pending in the proceeding in which the waiver was filed, Aggravated Murder." Id.
 {¶ 15} Based upon the reasoning of Adams and Jackson, we must conclude that Boles' waiver, executed when he had been charged only with rape and improperly discharging a firearm at or into a habitation, did not apply to the subsequent charges brought against him. Although we recognize that the waiver signed by Boles purported to be applicable to all charges that could be brought against him relating to the factual situation of the original charges, both Adams and Jackson make clear that Boles could not waive his speedy trial right with respect to charges that had not yet been brought against him.
 {¶ 16} Accordingly, we must conclude that Boles' waiver was applicable only to the charges that had been brought against him at the time it was signed and not to charges brought subsequent to not only the waiver but also his withdrawal of it. Because the 63 days between June 1, 2000 and August 3, 2000 counted against the state with respect to the additional charges in the indictment, the state did not bring Boles to trial within 90 days of his arrest on those charges. Accordingly, the state did not comply with the requirements of R.C. 2945.71(C)(2) and (E), and Boles was entitled to dismissal of all charges against him except the charges in the original complaint. R.C. 2945.73(B)
 {¶ 17} The state further argues that, where a defendant waives his right to a speedy trial and subsequently withdraws that waiver, the provisions of R.C. 2945.71 are inapplicable and that, upon making a demand for trial, the defendant must only be brought to trial within a reasonable amount of time. While we agree with this legal proposition, see State v. O'Brien (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d 218, it does not apply in this case to prevent dismissal of the charges brought against Boles subsequent to his waiver. We have already concluded that the waiver was inapplicable to those charges; therefore, the state was still required to comply with the requirements of R.C. 2945.71. Because it failed to do so, Boles was entitled to dismissal of the additional charges brought against him.
 {¶ 18} The state's final argument is that the violation of Boles' speedy trial rights was harmless because Boles pled no contest only to the original charges brought against him and all additional charges were dismissed. We cannot agree. Initially, we note that it does not appear that the complaint charged Boles with a firearm specification on the charge of improperly discharging a firearm at or into a habitation, and he pled to that specification. Furthermore, it appears from the record that Boles pled to the charges of rape (without a force specification) and improperly discharging a firearm at or into a habitation, with a firearm specification, in order to avoid a possible life sentence on a charge of rape with a force specification. Because the trial court should have dismissed the additional charges (including the force specification on the rape charge) due to violation of Boles' speedy trial rights, it was not harmless that Boles chose to plead no contest in the face of those charges. Had the charges been properly dismissed, Boles might have chosen not to plead no contest. Therefore, we cannot conclude that the violation of Boles' speedy trial rights was harmless.
 {¶ 19} Accordingly, we conclude that the trial court erred in overruling Boles' motion to dismiss with respect to all charges beyond those charged in the complaint.
 {¶ 20} The fifth assignment of error is sustained.
 {¶ 21} "I. The trial court improperly applied O.R.C. 2945.71 and overruled defendant's motion to dismiss thereunder. A proper calculation of days pursuant to O.R.C. 2945.71 reveals that more than 270 days elapsed prior to defendant's trial date.
 {¶ 22} "IV. The trial court erred in failing to conduct a hearing on defendant's December 27, 2000 motion to dismiss."
 {¶ 23} Under these two assignments of error, we are presented with the question of whether Boles was brought to trial within 90 days of his arrest on the original two counts with which he was charged by complaint. Boles argues in his first assignment of error that he was not brought to trial within 90 days on those counts under a proper count of days. He argues in his fourth assignment of error that the waiver he executed on June 1, 2000 should not apply to even the charges that had been brought against him at the time of its execution because it was not executed knowingly, voluntarily, and intelligently. We will address these arguments together.
 {¶ 24} As stated above, we begin counting on the day following Boles' arrest. From that date until he executed a waiver on June 1, 2000, 8 days were charged against the state. The waiver executed on June 1, 2000 was effective as to the charges existing at that time until its withdrawal on August 3, 2000, so time was tolled during that 63-day period. Boles argues that his waiver was not effective because it was not executed knowingly, voluntarily, and intelligently. Boles essentially argues that his attorney provided ineffective representation as related to the waiver. He contends that the trial court should have recognized given the circumstances that the waiver was not valid and conducted a hearing. Boles concedes that the waiver facially conveys that it was knowingly, voluntarily, and intelligently executed. He argues, however, that it was merely "boilerplate" and that the evidence does not establish that he knew what he was waiving. We disagree. There is no reason to mistrust the validity of a speedy trial waiver simply because it is "boilerplate," and it is conceded that the waiver is valid on its face. There is furthermore no evidence in the record to support Boles' contention that his waiver was not made knowingly, voluntarily, and intelligently. Therefore, time was tolled until August 3, 2000 with respect to the charges in the complaint.
 {¶ 25} Between August 3, 2000 and October 11, 2000, an additional 69 days ran against the state. On October 11, 2000, Boles filed a motion to suppress, again tolling the time for speedy trial purposes pursuant to R.C. 2945.72(E). Boles additionally filed two motions to dismiss on November 13, 2000 and December 27, 2000. The time remained tolled until the trial court ruled on the last of the motions on January 23, 2001. Boles argues that portions of this period should not be counted against him because (1) the state was granted a five-day continuance on the motion to suppress hearing, (2) the trial court actually decided the motion to suppress at the hearing rather than on the date the decision was entered, November 16, 2000, and (3) the trial court required an unreasonable amount of time to decide Boles' motions to dismiss. Each of these arguments fails. First, R.C. 2945.72(H) permits the trial court to grant reasonable continuances to the state, which time will run against the defendant. The continuance in this case was reasonable, the reasons for it were clearly articulated, and it was a continuance of merely five days. Second, it is well-settled that a court speaks through its journal, see State v. Keenan, 81 Ohio St.3d 133, 154, 1998-Ohio-459,689 N.E.2d 929; therefore, we must consider that the trial court decided the motion to suppress on November 16, 2000 for purposes of computing time. Eight days from the motion to suppress hearing was a reasonable amount of time for the trial court to take in rendering its decision. Finally, the trial court could reasonably have taken a period of two months to decide Boles' motions to dismiss, especially considering that a second motion was filed while the first one was still pending and that the two motions were decided within a month after the second one was filed.
 {¶ 26} Between January 23, 2001 and January 29, 2001, when Boles pled no contest, an additional six days ran against the state, for a total of 83 days. Thus, the state brought Boles to trial within 90 days, as required by R.C. 2945.71(C)(2) and (E), on the charges of rape and improperly discharging a firearm at or into a habitation.
 {¶ 27} In addition, as discussed under the fifth assignment of error, where a defendant waives the requirements of R.C. 2945.71 and later withdraws that waiver, the requirements of the statute no longer apply, and the state is only required to bring the defendant to trial within a reasonable amount of time following the defendant's making a written demand for trial. See O'Brien, supra. Although Boles did not make a written demand for trial, he was brought to trial eight months after his arrest and less than six months after the withdrawal of his waiver. Furthermore, the delays in bringing Boles to trial were largely of his own making. Given these circumstances, it is apparent that the delay was not presumptively prejudicial, and we therefore conclude that the state brought Boles to trial within a reasonable time on the charges of rape and improperly discharging a firearm at or into a habitation.
 {¶ 28} The first and fourth assignments of error are overruled.
 {¶ 29} "II. The trial court erred in failing to dismiss the indictment posed against defendant as the state obtained said indictment in violation of the clear language of Montgomery County Criminal Rule of Practice and Procedure 3.07.
 {¶ 30} "III. The trial court erred in accepting defendant's plea despite being confronted with clear and present evidence that defendant was not at the time of the plea and at various times since his original arraignment had not received effective assistance of counsel."
 {¶ 31} The second and third assignments of error are rendered moot by our disposition of the fifth assignment of error and are accordingly overruled.
 {¶ 32} The judgment of the trial court will be reversed. Boles' plea of no contest, the findings of guilty, and the sentence will be vacated, and this matter will be remanded to the trial court for further proceedings consistent with this opinion. On remand, Boles will be required to decide whether to proceed to trial on the charges of rape and improperly discharging a firearm at or into a habitation or to dispose of the charges by pleas of guilty or no contest.
BROGAN, J. and YOUNG, J., concur.