OPINION
{¶ 1} Defendant, Edward L. Mitman, appeals from his conviction and sentence for a violation of Dayton's Revised Code of General Ordinances ("RCGO") 99.13, which was entered on his plea of no contest. That section provides that "any person failing to comply with an order served pursuant to this chapter shall be deemed guilty of a misdemeanor." Mitman was sentenced to sixty days in jail, which was suspended, a fine of $500, and he was placed on probation for a period of one year, subject to performance of certain conditions.
 {¶ 2} Mitman entered his no contest plea after the court had overruled his motion to dismiss. The motion argued that Mitman's speedy trial rights were violated because the statutory speedy trial time applicable to his alleged offense had expired. The trial court overruled the motion on a finding that a speedy trial waiver Mitman had executed in a prior case arising from the same set of circumstances relieved the City of its speedy trial obligations in the present case. Mitman filed a timely notice of appeal from his conviction and sentence. He presents a single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS."
 {¶ 4} The City of Dayton was required to bring Mitman to trial on the misdemeanor offense with which he was charged within forty-five days after November 28, 2003, the date on which he was served with a summons on the complaint charging his misdemeanor offense. R.C. 2945.71(B)(1).
 {¶ 5} On June 3, 2004, Defendant filed a motion to dismiss pursuant to R.C. 2945.73, asking to be discharged for a violation of his statutory speedy trial right. Mitman argued that the forty-five day statutory speedy trial time limit expired on December 30, 2003. In addition to the thirty-two days that had expired to that date from the date his summons was served on November 28, 2003, Mitman claimed the benefit of eighteen speedy trial days chargeable against the City in a prior case.
 {¶ 6} The prior case was dismissed by the City on October 28, 2003. In it, Mitman was charged with a violation of RCGO 93.05. That section provides, at paragraph (B), that "[any person failing to comply with the (sic) order served pursuant to this section shall be deemed guilty of a misdemeanor." Such orders are identified in paragraph (A) of RCGO 93.05 to include those pertaining to "a violation of any provision of this chapter," further specifying exceptions with respect to particular sections not involved here.
 {¶ 7} From the date Mitman's summons was served until he filed a waiver of his speedy trial right in the prior case, eighteen days expired. Added to the thirty-two days that expired in his current case prior to December 30, 2003, a total of fifty speedy trial days had expired, exceeding the forty-five day maximum in R.C. 2945.71(B)(1).
 {¶ 8} It is undisputed that Mitman's violation of RCGO 93.05 charged in the prior case and his violation of RCGO 99.13 charged and found in the present case are founded on his alleged failure to comply with the same underlying order. It was an order issued by City of Dayton Conservation Specialist Ann Mittelstadt on or about October 23, 2000, alleging a violation of RCGO 99.51. That section provides: "All supporting structural members of all structures shall be kept structurally sound, free of deterioration and maintained capable of safely bearing the dead and live loads imposed upon them." Mitman was ordered to correct such a condition at 1432-1446 Wayne Avenue, in Dayton.
 {¶ 9} The City of Dayton argued that the speedy trial waiver Mitman entered in the prior case likewise applies in the present case because both cases are predicated on the same failure to comply with the same order. The trial court agreed, and denied Mitman's motion to dismiss on a finding that the statutory speedy trial right he sought to enforce had been waived.
 {¶ 10} When an accused waives the right to a speedy trial as to an initial charge, his waiver is not applicable to additional charges that are brought subsequent to the execution of the waiver arising from the same set of circumstances. State v. Adams, 43 Ohio St.3d 67.
 {¶ 11} The trial court found that the violation of RCGO 99.13 charged in the present case does not represent an additional charge with respect to the violation of RCGO 93.05 alleged in the prior case because both are founded on the same set of circumstances, Mitman's alleged failure to comply with the order alleging a violation of RCGO 99.51. The court reasoned that the new charge was but an amendment of the prior charge and not additional to it.
 {¶ 12} In Adams, the Court explained that an additional charge is one which "could involve different defenses at time of trial." Id., at 69. That consideration is grounded on the notice requirements of due process, as well as the presumption against waivers of constitutional rights unless they are knowing, intelligent and voluntary. Id. Adams
reasoned that an accused may be willing to waive his speedy trial right with respect to a prior charge, but not with respect to a subsequent charge to which different defenses might apply.
 {¶ 13} In State v. Sain (Aug. 23, 1993), Montgomery App. No. 13493, the Defendant was charged with a violation of RC 2925.03(A)(1) by "knowingly offering to sell" cocaine. He had waived his speedy trial right in a prior case charging the same statutory offense for "knowingly selling" cocaine. Applying the rule of Adams, we found that the two offenses were not distinct, because for purposes of the offense alleged selling and offering for sale have the same meaning per R.C. 2925.01(A) and R.C. 3719.01(EE).
 {¶ 14} In the present case, the prior and subsequent misdemeanor charges were both founded on Mitman's alleged failure to comply with the same underlying order issued pursuant to the substantive prohibitions in RCGO 99.51. Only the particular sections of Dayton's code which declare such conduct to be a misdemeanor offense are different. Those declarations are functional, not substantive. They present different offenses but not distinct charges for purposes of Adams, because the charge in the subsequent case is not "additional" to the charge in the prior case in any way that creates a defense in the subsequent case that did not apply in the prior case in which Mitman's speedy trial waiver was entered.
 {¶ 15} Mitman argues that the charge in the present case is "additional" for purposes of Adams because he had a defense in the prior case that he can't argue in the present case.
 {¶ 16} In the prior case, the charge could not lie because Mitman's alleged failure to comply with an order issued pursuant to RCGO 99.51 cannot be one which fails "to comply with the (sic) order issued pursuant to this section" which is declared to be a criminal offense by RCGO 93.05(B), because the two code sections are different. The same defect does not apply in the present case, which charges a misdemeanor violation of RCGO 99.13 for Mitman's alleged failure "to comply with an order served pursuant to this section," because RCGO 99.51 and RCGO 99.13 are in the same code "section," the "Nonresidential Building Maintenance Code of the City of Dayton." RCGO 99.01.
 {¶ 17} Mitman's argument misconstrues Adams. It is not concerned with a defense which was available in the prior case in which the waiver was entered. It is instead concerned with defenses that may be available in a subsequent case to which the waiver might extend. If such defenses exist, and did not apply in the prior case, the accused cannot be said to have knowingly waived his right to a speedy trial on the charges to which such additional defenses might apply.
 {¶ 18} Because no defense applies with respect to the charge in the present case alleging a violation of RCGO 99.13 that did not likewise apply in the prior case alleging a violation of RCGO 93.05(B), the trial court did not err when it found that the speedy trial waiver Mitman entered in the prior case extends as well to the present case. That application prevents accrual of any speedy trial days after the waiver was entered, which includes the thirty-two days claimed in the present case. Only eighteen of the maximum forty-five days in R.C. 2945.71(B)(1) had expired on December 30, 2003, when the waiver was entered. No speedy trial violation is shown. Further, unless and until the waiver is first withdrawn, violation of the statutory speedy trial right may not be asserted.
 {¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Donovan, J., concur.