{¶ 23} I respectfully dissent.
 {¶ 24} The majority, in its application of State v. Adams (1989),43 Ohio St.3d 67, to the present case, fails to recognize the meaningful distinction that *Page 8 
exists between waiver of the right to a speedy trial and the tolling provisions contained in R.C. 2945.72. "Speedy-trial waivers are distinct from the provisions in R.C. 2945.72 that extend the statutory speedy-trial time by tolling it. A waiver relinquishes the right, at least until the waiver is withdrawn. Tolling doesn't waive the speedy-trial right. And, in most circumstances where R.C. 2945.72
applies, it allows sufficient time to avoid any prejudice the underlying request or order might create." State v. Kerby, 162 Ohio App.3d 353,2005-Ohio-3734, at ¶ 62.
 {¶ 25} As the majority notes, the Ohio Supreme Court elaborated upon the rationale behind Adams in State v. Homan, 89 Ohio St.3d 421,2000-Ohio-212, observing that "[w]hen a defendant is unaware of the precise nature of the crimes charged, he or she cannot make informed and intelligent tactical decisions about motion filings and other matters." Id. at 428.
 {¶ 26} In the present case, a delay of 120 days was occasioned by Blackburn's motion to continue his trial date, under the second indictment, from June 7, 2005, until October 4, 2005. The grounds for this continuance were that Blackburn had retained new counsel and, thus, required additional time to prepare for trial. In contrast to the situation in Adams, "knowing the exact nature of the crimes charged" had nothing to do with Blackburn's decision to seek a continuance. Since Blackburn's reasons for seeking a continuance were not a tactical decision based on the particular charges pending against him, there is no prejudice in tolling the speedy trial count for the delay occasioned by his request for a continuance. *Page 9 
 {¶ 27} Accordingly, the trial court erred by not tolling the speedy trial count for the period of delay necessitated by the continuance. When this period is taken into consideration, only 181 days have elapsed out of the 270 days for bringing Blackburn to trial. The State's assignment of error has merit and the decision of the trial court should be reversed. *Page 1