[Cite as *State v. Taylor*, 2021-Ohio-2701.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-37 |
| | : | |
| JACOB L. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of August, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

HAL R. ARENSTEIN, Atty. Reg. No. 0009999, 114 East 8th Street, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Jacob L. Taylor, appeals from his conviction for possession of cocaine. Taylor asserts that he was not brought to trial for possession of cocaine within the time prescribed by R.C. 2945.71(C)(2), and, as such, the trial court erred when it overruled his motion to dismiss the indictment on speedy trial grounds. Finding no merit to this argument, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Taylor was a passenger in a vehicle involved in a single-car accident in February 2019. As a result of a police investigation of the accident, Taylor was charged soon thereafter with possession of marijuana and possession of drug paraphernalia, both misdemeanor offenses. These charges were adjudicated in the Fairborn Municipal Court and are not part of the pending appeal.

{¶ 3} Thereafter, Taylor was indicted by the Greene County grand jury for possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. The indictment resulted from suspected drugs recovered at the scene of the same single-vehicle accident. Taylor filed a motion to dismiss the indictment, arguing that the speedy trial time for the cocaine possession offense began to run when he was charged with the misdemeanor offenses and, thus, he was not brought to trial within the 270-day period prescribed by R.C. 2945.71(B)(2). Taylor and the State submitted the following factual stipulations, on which the court could decide the motion to dismiss:

> * * * On February 23rd, 2019, the Defendant, Mr. Taylor, was a passenger in a car that was involved in a single-vehicle crash that occurred on Interstate 675 southbound to Colonel Glenn Highway. The driver was arrested for OVI. The Defendant was observed by law enforcement to

have a dry, white, powdery substance on his nostrils. The Defendant admitted smoking marijuana in the past and was found to be in possession of a pipe with brown residue.

The Defendant was not arrested at the scene. The Defendant was not cited for any violations of law while at the scene.

[An] Officer located other evidence and drugs at the scene. The evidence was sent to the Ohio State Highway Patrol Laboratory for analysis.

On March 1st, 2019, charges were filed against the Defendant, Mr. Taylor, in Fairborn Municipal Court for possession of marijuana [and] possession of marijuana paraphernalia, for conduct occurring on February 23rd, 2019.

On June 27th, 2019, the Defendant pleaded guilty to these charges[.]

* * *

On July 1st, 2019, the Ohio State Highway Patrol Crime Laboratory issued a report reflecting the results of their analysis of the other evidence found at the scene. This concluded that cocaine was present.

On January 17th, 2020, the Defendant was indicted on this case [for possession of cocaine].

* * *

{¶ 4} The trial court overruled Taylor's motion to dismiss, and Taylor entered a no contest plea to the count of possession of cocaine. The trial court found Taylor guilty and sentenced him to a term of community control sanctions. This appeal followed.

**Assignment of Error**

{¶ 5} Taylor's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT [DID NOT] DISMISS [TAYLOR'S INDICTMENT] BECAUSE HIS RIGHT TO A SPEEDY TRIAL WAS VIOLATED[.]

**Analysis**

{¶ 6} Taylor argues that the speedy trial time on the cocaine possession charge began to run on March 1, 2019, when he was issued misdemeanor citations for the marijuana and drug paraphernalia offenses. Taylor is incorrect.

{¶ 7} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. *State v. Lackey*, 2015-Ohio-5492, 55 N.E.3d 613 (2d Dist.), ¶ 21, citing *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Section 10, Article I of the Ohio Constitution also protects the right to a speedy trial. *Id.* And the right to a speedy trial is statutorily enforced in Ohio by R.C. 2945.71 et seq. *Id.* Under R.C. 2945.71(C)(2), a defendant facing a felony charge must be brought to trial within 270 days of the commencement of the case, subject to any tolling provisions set forth in R.C. 2945.72. A criminal case is commenced on the date an indictment is returned, a bill of information is filed, a warrantless arrest is made, or a warrant, summons, or citation is issued, whichever first occurs. R.C. 2901.13(E). Thus, the dispositive issue is when the case for possession of cocaine commenced – on March 1, 2019 (the date the misdemeanor citations were issued) or on January 17, 2020 (the date of the indictment for cocaine possession). We conclude that the cocaine possession case commenced, and thus the speedy trial count began, on January 17, 2020. Given this, Taylor's

statutory speedy trial rights were not violated.[1]

{¶ 8} In *State v. Adams*, the Ohio Supreme Court concluded that, when one case is commenced and thereafter a second case is commenced, the second case is subject to the statutory speedy trial limitation of the first case when the cases "arise from the same facts * * * and the state knows of such facts at the time of the initial [commencement] * * *." *Adams* at 68. In *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883, the Supreme Court again reviewed the statutory speedy trial implications of separately-commenced cases arising from the same event. This review resulted in the conclusion that when a second case arises from the same events as the initial case, there are two scenarios that exempt the State from the statutory speedy trial limit of the first case. The two situations are (1) the second case, though having the same genesis as the first case, "arise[s] from facts different from the original charge[s]," or (2) "the state did not know of these facts at the time of the [commencement] of the initial [case.]" *Id.* at syllabus. Under either circumstance, the speedy trial time begins to run upon commencement (by indictment or otherwise) of the second case. *Id.* at 112.

{¶ 9} In *State v. Dalton*, 2d Dist. Greene No. 2003-CA-96, 2004-Ohio-3575, we applied *Baker* to facts relevant to the pending analysis. Dalton was arrested for rape. A bag containing a white powder was discovered on Dalton's person upon his arrest. Several hours after the arrest, the police searched Dalton's vehicle pursuant to a search warrant. The search resulted in the discovery of "several pills, glassware, and chemicals that [the police] believed were contraband." *Id.* at ¶ 5. The collected items were sent to

---

[1] Taylor does not argue that his speedy trial rights were violated if the speedy trial count began on January 17, 2020.

a lab for analysis. The analysis later revealed that the white powder was methamphetamine, that one of the pills was hydrocodone, and that the chemicals were used in the manufacture of methamphetamine.

{¶ 10} While the lab results were pending, Dalton was indicted for rape and related charges. Over six months later, Dalton was indicted on three drug counts: two counts of aggravated possession of drugs (the methamphetamine and the hydrocodone) and one count of illegal possession of chemicals for the manufacture of drugs. Dalton moved to dismiss the drug offenses, asserting that the speedy trial calculation on these counts "should run from the date of the rape indictment because [the drug counts] arose from the same factual circumstances as the charges filed in the original indictment." *Id.* at ¶ 10. We disagreed, explaining that the facts (the lab results) supporting the drug counts "were not known to the State until after the initial indictment * * * [thus] * * * pursuant to *Baker*, the speedy trial timetable [did] not run from the [rape] indictment date." *Id.* at ¶ 13. We further explained that, although the drug-related indictment occurred approximately five months after the State received the lab results, this, under *Baker*, was "irrelevant" to the beginning date of the speedy trial count because, under R.C. 2901.13(E), the drug counts were commenced on the date these counts were indicted. *Id.* at ¶ 14. We have similarly held that when a person is initially charged with a driving under the influence offense (OVI), and, after the State's receipt of a lab result reflecting a prohibited concentration of alcohol, the person is then charged with a prohibited concentration OVI, the second charge is subject to a new speedy trial clock. *See State v. Lekan*, 2d Dist. Montgomery No. 16108, 1997 WL 351287 (June 27, 2997); *State v. Cantrell*, 2d Dist. Clark No. 2000-CA-95, 2001 WL 1018234 (Sept. 7, 2001). The rationale for these decisions was that,

since the prohibited concentration offenses were dependent upon lab results, the State did not know the facts of the offenses until the lab results became available. *Lekan*; *Cantrell*.

{¶ 11} Based upon *Baker*, and our case law applying *Baker* in analogous circumstances, the speedy trial time in Taylor's cocaine possession case began on January 17, 2020, the date of the cocaine possession indictment. Taylor's assignment of error is overruled.

## Conclusion

{¶ 12} Taylor's sole assignment of error having been overruled, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Marcy A. Vonderwell
Hal R. Arenstein
Hon. William H. Wolff, Jr., Visiting Judge