The STATE of Ohio, Appellee,

v.

DILLON, Appellant.

[Cite as *State v. Dillon,* 181 Ohio App.3d 69, 2009-Ohio-530.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22593.

Decided Feb. 6, 2009.

Christine L. Burk, for appellee.

Robert M. Dillon, appellant, pro se.

Grady, Judge.

{¶ 1} Defendant, Robert Dillon, appeals from his conviction and sentence for disorderly conduct.

{¶ 2} On November 26, 2007, Dillon was charged by complaint filed in Miamisburg Municipal Court case No. 07CRB02298 with disorderly conduct. R.C. 2917.11(A)(2). The complainant was Officer Chris Terry of the Miamisburg Police Department. The sworn complaint alleges:

{¶ 3} "On or about the 7th day of September 2007, One Robert M. Dillon in the City of Miamisburg, Montgomery County, Ohio did unlawfully: no person shall recklessly cause inconvenience, annoyance, or alarm to another by making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person. To Wit: Robert Dillon displayed all of the above while at Fifth Third Bank and persisted in doing so after reasonable warning or request to desist."

{¶ 4} The summons attached to the complaint ordered defendant to appear for arraignment on the charge on November 28, 2007. A return of service indicates that the complaint and summons were served on defendant on November 26, 2007. A jury trial was scheduled for December 13, 2007, to begin at 1:00 p.m. Defendant entered a not-guilty plea on December 5, 2007.

{¶ 5} On December 12, 2007, defendant filed a motion to dismiss, alleging a violation of his speedy-trial rights. Defendant argued in a memorandum attached to his motion that in addition to the 16 speedy-trial days that had passed since he was served with the complaint for disorderly conduct, he was entitled to 38 speedy-trial days that had elapsed between September 14, 2007, when he was served with a complaint alleging a related charge of menacing, and October 22, 2007, when that menacing charge was voluntarily dismissed by the state. Defendant contended that the total of the two periods, 54 days, exceeds the 45–day speedy-trial limit in R.C. 2945.71(B)(1) applicable to the misdemeanor charges against him. In that event, he would be entitled to a discharge on the motion he filed. R.C. 2945.73. Defendant requested a hearing on his motion.

{¶ 6} The record before us does not reflect that a menacing charge was filed and dismissed, or what the basis of that charge was. However, in the statement of the case in its brief, the state concedes that defendant was charged with menacing, R.C. 2903.22, on September 17, 2007, in case No. 07CRB1844, and that the charge was voluntarily dismissed on October 22, 2007. The state also relates that the menacing charge was refiled in case No. 07CRB02376 on December 5, 2007, and that an additional charge of menacing was filed in case No. 07CRB02296 on November 26, 2007, when the disorderly-conduct charge in case No. 07CRB2298 was also filed. Defendant's motion to dismiss was addressed to all three pending charges.

{¶ 7} Defendant requested a hearing on his motion to dismiss. The summary of docket and journal entries indicates that a hearing on the motion was scheduled for 11:30 a.m. on December 13, 2007, the date on which a jury trial was

previously scheduled to commence at 1:00 p.m. At 9:15 a.m. on that date, the court denied defendant's motion to dismiss, without explanation. From remarks defendant's attorney made during a recess in the trial later that day, it appears that the court held no hearing on his motion. The court stated that "based on the Second District Court of Appeals Decision in *State v. Smith*,[1] the court overruled defendant's motion."

{¶ 8} Evidence presented at defendant's trial shows that he went to the Fifth Third Branch Bank in Miamisburg on September 7, 2007, to protest overdraft fees charged against his account. Defendant became angry at the explanation he was given by the branch manager. He made implied threats of bodily harm, and then became profane and abusive. The manager ordered defendant from the bank. On the way out, defendant swung papers he held in his hand at another bank employee, who testified that defendant left after "ranting and raving" in the lobby.

{¶ 9} The jury acquitted defendant on the two counts of menacing with which he was charged. It found defendant guilty of disorderly conduct, but as a minor misdemeanor instead of the fourth-degree misdemeanor charged, rejecting a finding that defendant had persisted in his conduct after being warned to desist. The court imposed a find of $100 and costs totaling $807.70. Defendant filed a timely notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 10} "Trial court erred in overruling defendant Dillon's motion to dismiss because of the expiration of speedy trial time limits."

{¶ 11} When multiple charges are pending, the speedy-trial time applicable to the highest degree of offense charged governs each of the pending charges. R.C. 2945.71(D). The menacing and disorderly offenses with which defendant was charged when his motion to dismiss was filed are fourth-degree misdemeanors. Persons charged with fourth-degree misdemeanor offenses must be brought to trial within 45 days after the person's arrest or service of summons, R.C. 2945.71(B)(1), subject to any of the tolling provisions in R.C. 2945.72 that apply. For a violation of that time requirement and upon a proper pretrial motion filed after the statutory speedy-trial time has expired, an accused must be discharged from the charge or charges against him. R.C. 2945.73(B). A motion to dismiss on those same grounds serves the same purpose.

{¶ 12} As he did in the trial court, defendant relies on *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, to argue that his speedy-trial rights were violated. *Broughton* held that when a felony charge is filed and then

---

1.  The court offered no citation for *Smith*.

voluntarily dismissed, the speedy-trial time that elapsed with respect to the dismissed charge must be added to the speedy-trial time that elapsed with respect to a felony charge filed thereafter when the indictments in the two cases "are premised on the same facts." Id. at 260, 581 N.E.2d 541.

{¶ 13} *Broughton* involved felony charges, which must be brought on an indictment. Crim.R. 7(A). The charges against defendant were misdemeanors, which are instead brought upon a criminal complaint. Crim.R. 3. Nevertheless, the same rule applies in misdemeanor cases if the new and additional charges arise from the same set of circumstances as the dismissed charges, *State v. Adams,* 43 Ohio St.3d 67, 538 N.E.2d 1025, unless the subsequent charges were based on new and additional facts of which the state had no knowledge when the dismissed charges were filed. *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883.

{¶ 14} The menacing charge in case No. 07CRB1844 had been pending for 38 days when it was dismissed by the state. The disorderly-conduct charge in case No. 07CRB 2298 had been pending for 16 days when defendant filed his motion to dismiss. The two periods total 54 days. If they must be added together, and if none of the tolling provisions in R.C. 2945.72 apply, the 45–day time limit in R.C. 2945.73(B)(1) was violated, and defendant was entitled to a discharge pursuant to R.C. 2945.73 on the motion he filed.

{¶ 15} We are unable on the record before us to determine whether defendant was entitled to a discharge on the motion he filed. Though Crim.R. 3 requires a complaint to state "the essential facts constituting the offense charged," the complaint filed in the present case alleges an offense of disorderly conduct in the terms of the statute, R.C. 2917.11(A)(2), and then concludes that defendant "displayed all of the above while at Fifth Third Bank on the date alleged." No operative facts constituting the crime were alleged. We question whether that form of allegation satisfies Crim.R. 3.

{¶ 16} Even if the evidence offered at trial would support the disorderly-conduct offense charged, we cannot say that the dismissed menacing charge grew from the same set of circumstances because defendant did not include the file of the case charging that offense in the record of his appeal. More important, even were we to find the required nexus, we could not find whether the state was unaware of the facts supporting the disorderly-conduct charge when it filed the menacing charge it later dismissed, because the record is silent on the matter. These defects in the record, though in one respect chargeable to defendant as the appellant, nevertheless result from the error the court committed when it denied defendant's motion to dismiss without a hearing.

{¶ 17} Defendant's motion alleging a violation of his speedy-trial rights was filed pursuant to Crim.R. 12(C)(1), as an objection based on a defect in the institution of the prosecution. Crim.R. 12(F) provides: "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Crim.R. 12(F) further provides: "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." A hearing is not required by the rule, but where the claims in a motion to dismiss would justify relief and are supported by factual allegations, the court abuses its discretion when it grants or denies the motion without a hearing.

{¶ 18} The trial court could not know from the record before it when it denied defendant's motion (1) whether or when a prior menacing charge had been filed and dismissed, (2) if that was true, whether the dismissed menacing charge arose from the same set of circumstances as the pending charges which defendant's motion asked the court to dismiss, *Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025, or (3) whether the state was unaware of additional facts on which the disorderly-conduct charge was based when it filed the menacing charge it subsequently dismissed. *Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883. Defendant's motion implicated those issues of fact, and he was entitled to an evidentiary hearing on those issues in order to prevail on his motion. The court's failure to conduct a hearing also prevented it from stating its essential findings on which it denied defendant's motion, contrary to the requirements of Crim.R. 12(F).

{¶ 19} The trial court abused its discretion when it denied defendant's motion without a hearing, and defendant was prejudiced as a result. In other circumstances, we might remand the case for the hearing that defendant was denied. In the present case, we believe that the orderly process of justice is better served by a reversal. Therefore, defendant's conviction for disorderly conduct will be reversed, and the case will be remanded for further proceedings on defendant's motion to dismiss, consistent with this opinion.

{¶ 20} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 21} "There was insufficient evidence to support the conviction for disorderly conduct."

THIRD ASSIGNMENT OF ERROR

{¶ 22} "Appellant was denied his constitutional right to effective assistance of counsel, because counsel proclaimed, in open court, appellant's guilt, without the prior knowledge or consent of the appellant."

{¶ 23} These assignments of error are rendered moot by our decision sustaining the first assignment of error.  Therefore, we need not decide them.  App.R. 12(A)(1)(c).

Judgment accordingly.

BROGAN and WOLFF, JJ., concur.