[Cite as *State v. Large*, 2016-Ohio-4900.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                    Court of Appeals No. OT-15-025

    Appellee                                               Trial Court No. CRB 1401586 A/B

v.

Joshua T. Large                                        **DECISION AND JUDGMENT**

    Appellant                                              Decided:  July 8, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
David R. Boldt, Assistant Prosecuting Attorney, for appellee.

Michael W. Sandwisch, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Joshua T. Large, appeals the July 8, 2015 judgment of

the Ottawa County Municipal Court which, after denying his motion to dismiss on speedy

trial grounds, sentenced him to 30 days in jail and a fine for aggravated menacing,

Because we find that the court erred when it denied appellant's motion to dismiss without

a hearing, we reverse.

**{¶ 2}** On November 20, 2014, two separate complaints were filed against appellant charging him with one count each of aggravated menacing, first degree misdemeanors. The charges stemmed from an incident on May 29, 2014, involving a Port Clinton, Ohio, police officer. On January 7, 2015, appellant entered not guilty pleas and waived the time requirement under R.C. 2945.71. A trial was tentatively set for July.

**{¶ 3}** On April 10, 2015, appellant filed a motion to dismiss based on speedy trial grounds. Appellant argued that the state failed to prosecute him within 90 days of the date of the May 29, 2014 offense. Appellant argued that the state was aware of the alleged acts due to its initial May 30, 2014 filing of felonious assault charges against him based on the same incident. The charges were amended to aggravated menacing and then ultimately dismissed. A reckless operation charge was also filed and dismissed. According to the motion, appellant did enter a no contest plea to driving under suspension; again, based on the same May 29, 2014 incident. In support, appellant attached docket sheets from the referenced cases.

**{¶ 4}** On April 16, 2015, the court denied the motion noting:

> The Defendant generally references previous filing dates of related charges, and simply submits a list of case authority without connecting the list to the previous filings. Defendant (apparently) expects the Court to make the necessary legal arguments for him.
>
> In addition, the Court notes that the Defendant filed a waiver of his right to a speedy trial on January 7, 2015.

2.

**{¶ 5}** Following the trial court's ruling, appellant entered a no contest plea to one count of aggravated menacing. This appeal followed with appellant raising one assignment of error for our review:

> 1. The trial court erred to the prejudice of the defendant in denying the defendant a hearing on his motion to dismiss on speedy trial grounds.

**{¶ 6}** Appellant, in his sole assignment of error, contends that the trial court erred in summarily denying his motion without first conducing a hearing. We review a trial court's ruling on denying a motion to dismiss for an abuse of discretion.

**{¶ 7}** The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. Aggravated menacing is a first degree misdemeanor. One accused of a first degree misdemeanor must be brought to trial within 90 days of arrest or service of summons. R.C. 2945.71.

**{¶ 8}** Appellant argues that because the state was aware of the charges when it commenced the initial action on May 30, 2014, the 90-day time limit accrued prior to the refiling of the charges in the instant case; thus, the waiver executed on January 7, 2015, has no bearing on the speedy trial violation. Conversely, the state, relying on *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989), suggests that for "tactical" reasons appellant may have decided to waive his speedy trial rights to the subsequent charges. The state does not dispute appellant's recitation of the facts.

3.

{¶ 9} In *Adams*, the Supreme Court of Ohio addressed whether a time waiver in an initial, dismissed case applied to a refiled case. The court held: "When an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." *Id.* at syllabus.

{¶ 10} Akin to the current facts, the Second Appellate District addressed a case where the accused argued that the speedy-trial days in related, dismissed and then refiled cases should have been applied to the limit under R.C. 2945.71(B)(1). *State v. Dillon*, 181 Ohio App.3d 69, 2009-Ohio-530, 907 N.E.2d 1226 (2d Dist.). In *Dillon*, the accused filed a motion to dismiss based on speedy-trial grounds; the court denied the motion to dismiss without explanation. *Id.* at ¶ 5-7.

{¶ 11} Acknowledging that a hearing was not required under Crim.R. 12(F), the court then stated that because the record of the prior cases was not before the lower court, the court:

could not know from the record before it when it denied defendant's motion

(1) whether or when a prior menacing charge had been filed and dismissed,

(2) if that was true, whether the dismissed menacing charge arose from the same set of circumstances as the pending charges which defendant's motion asked the court to dismiss, Adams, 43 Ohio St.3d 67, 538 N.E.2d 1025, or

(3) whether the state was unaware of additional facts on which the disorderly-conduct charge was based when it filed the menacing charge it

4.

subsequently dismissed. [*State v.*] *Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883 [1997]. Defendant's motion implicated those issues of fact, and he was entitled to an evidentiary hearing on those issues in order to prevail on his motion. The court's failure to conduct a hearing also prevented it from stating its essential findings on which it denied defendant's motion, contrary to the requirements of Crim.R. 12(F). *Id*. at ¶ 18.

{¶ 12} *Accord State v. Clark*, 107 Ohio App.3d 141, 667 N.E.2d 1262 (2d Dist.1995); *State v. James*, 8th Dist. Cuyahoga No. 69075, 1996 WL 50840 (Feb. 8, 1996).

{¶ 13} Here, as in *Dillon*, appellant was charged on multiple occasions with crimes stemming from the May 29, 2014 incident. The trial court did not indicate that it had or reviewed the records in the prior cases in denying the motion to dismiss. Accordingly, we find that appellant's assignment of error is well-taken.

{¶ 14} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Municipal Court is reversed and the matter is remanded to conduct a hearing on appellant's motion to dismiss. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                                         JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.          _____
CONCUR.                                                     JUDGE

                                                  _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.