[Cite as *State v. Shoopman*, 2017-Ohio-2612.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27182 |
| | : | |
| v. | : | T.C. NO. 15-CR-2670 |
| | : | |
| ROBERT T. SHOOPMAN | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___28th___ day of _____April_____, 2017.

. . . . . . . . . . .

ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Robert T. Shoopman appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty on his no contest plea of one count of rape of a child under the age of 13.   The trial court had previously overruled Shoopman's

motion to dismiss the charge, in which he had argued that his due process rights were violated by the State's pre-indictment delay. Shoopman was sentenced to three years in prison for the rape and was classified as a sexually oriented offender.[1]

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} The indictment alleged that, between July 1996 and August 1998, Shoopman raped his step-daughter, K.K., who was then under the age of 13, in Montgomery County, Ohio. Shoopman, K.K., and K.K.'s mother and siblings moved to North Carolina sometime thereafter, before the alleged rape was disclosed by the child.

{¶ 4} In November 2009, when K.K. was 18, she and her sister contacted the sheriff's department of the county where they lived in North Carolina and reported sexual abuse perpetrated by Shoopman. During the course of the investigation, North Carolina officials learned that Shoopman had had sexual contact with K.K. more than a decade earlier in Ohio. They reported this information to the local law enforcement authorities in Ohio, who contacted K.K. However, by then, Shoopman had been sentenced to prison in North Carolina, and K.K. indicated that she did not want to pursue charges in Ohio at that time.

{¶ 5} In the spring of 2015, Shoopman was released from prison in North Carolina, and K.K. moved back to Ohio. The local police department reopened the case against Shoopman and, on January 15, 2016, he was indicted on one count of rape of a child under 13.

{¶ 6} Shoopman pled not guilty and filed pretrial motions in the trial court,

---

[1] Shoopman was sentenced under the "Senate Bill 2 sentencing," and counsel agreed to treat the offense as "a standard, F-1, three to ten years potential penalty" offense.

including a motion to dismiss. In the motion to dismiss, Shoopman alleged that he had been prejudiced by the State's failure to pursue the charge at an earlier date, because the delay had prevented him from serving his North Carolina and Ohio sentences concurrently. The trial court overruled the motion. On June 28, 2016, Shoopman entered a guilty plea to rape of a child under the age of 13. He was sentenced as described above.

{¶ 7} Shoopman raises one assignment of error on appeal, in which he challenges the trial court's decision overruling his motion to dismiss the charge. He again asserts that he suffered prejudice by the State's pre-indictment delay, which precluded the possibility of his serving the North Carolina and Ohio sentences concurrently.

{¶ 8} When a defendant alleges that he has been prejudiced by the State's pre-indictment delay in pursuing a case, the defendant must first produce evidence demonstrating that the delay has caused actual prejudice to his defense. *State v. Luck* 15 Ohio St.3d 150, 157-158, 472 N.E.2d 1097 (1984). Then, if the defendant has established actual prejudice, the State must produce evidence of a justifiable reason for the delay. *Id.* at 158. The prejudice suffered by the defendant must be viewed in light of the State's reason for the delay. *Id.* at 154. *See also State v. Whiting,* 84 Ohio St.3d 215, 702 N.E.2d 1199 (1998).

{¶ 9} Actual prejudice exists "when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *State v. Jones,* 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 28; *Luck* at 157-158. Determining "actual

prejudice * * * involves 'a delicate judgment' and a case-by-case consideration of the particular circumstances." *Jones* at ¶ 20, quoting *State v. Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52, and *United States v. Marion,* 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). A reviewing court must scrutinize a defendant's claim of prejudice in light of the particular evidence that was lost or is unavailable as a result of the delay and, in particular, consider the effect of the lost evidence on the defense; the mere possibility of faded memories, inaccessible witnesses, and lost evidence, without more, does not sufficiently demonstrate actual prejudice. *Jones* at ¶ 23, ¶ 27.

{¶ 10} The demonstration of prejudice generally does not apply to sentencing considerations. *See State v. Rice,* 2015-Ohio-5481, 57 N.E.3d 84, ¶ 32 (1st Dist.) (finding that alleged prejudice from a period of pretrial delay, which allegedly deprived defendant of an opportunity to serve concurrent sentences for offenses committed in different counties, was speculative and insufficient to show prejudice); *United States v. White,* 985 F.2d 271, 276 (6th Cir.1993) (holding that the loss of the opportunity to serve concurrent sentences was "not sufficient to constitute 'substantial prejudice' to the defendant") (cases involving failure to bring a defendant to trial, rather than failure to indict).

{¶ 11} Shoopman argues that he suffered actual prejudice due to the pre-indictment delay in this case because the State's delay in prosecuting him "robbed him of the opportunity to negotiate for a sentence here [in Ohio] that would have run concurrent with his sentence in North Carolina." The trial court found that this argument was speculative and failed to demonstrate actual prejudice. We agree. Shoopman's

argument is based on assumptions that the State would have entered into a plea agreement with him at an earlier date and that, pursuant to such a plea agreement (or even a conviction at trial), the trial court would have run its sentence concurrently with the sentences in North Carolina. These assumptions fail to demonstrate any actual prejudice from pre-indictment delay which might warrant a dismissal.

{¶ 12} Further, the trial court found that, even if Shoopman had demonstrated actual prejudice, the State offered a sufficient reason to justify the delay. The trial court found that "the delay in the indictment was justified by [K.K.'s] minority and her residence in the State of North Carolina prior to January, 2016." The court apparently credited the State's assertions that the victim was uninterested in pursuing charges in Ohio when Ohio law enforcement officers first contacted her after Shoopman went to jail in North Carolina, and that it could not have proceeded on the Ohio charge without the victim's testimony and appearance. Although Shoopman asserts that the State could have compelled the victim's participation at an earlier time, this possibility does not undermine the trial court's conclusion that the State had a justifiable reason for the delay.

{¶ 13} The assignment of error is overruled.

{¶ 14} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Alice B. Peters
Jeffrey T. Gramza
Hon. Mary Katherine Huffman