[Cite as *State v. Evans*, 2019-Ohio-13.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27881 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-3718 |
| | : | |
| JEFFREY A. EVANS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of January, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Jeffrey A. Evans, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled no contest to two counts of vehicular homicide and one count of failure to stop after an accident. In support of his appeal, Evans contends that the trial court erred in overruling his motion to dismiss the aforementioned charges. Evans also contends that his trial counsel provided ineffective assistance by failing to request an evidentiary hearing on the motion to dismiss. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 27, 2016, Evans was responsible for an automobile collision on Interstate 75 that killed another driver. Following the collision, Evans exited his vehicle and attempted to flee the scene of the accident on foot. Despite his efforts to flee, Evans was ultimately arrested by a City of Moraine police officer. Although Evans was released from custody two days after the collision, nearly a year later, on July 17, 2017, the Montgomery County Grand Jury returned an indictment charging him with one count of vehicular homicide (negligence) in violation of R.C. 2903.06(A)(3)(a), one count of vehicular homicide (proximate result) in violation of R.C. 2903.06(A)(4), and one count of failure to stop after an accident in violation of R.C. 4549.02(A) and (B)(3)(b).

{¶ 3} Following his indictment, Evans entered a plea of not guilty and filed a motion to dismiss the charges. As part of his motion, Evans argued that the charge for failing to stop after an accident should be dismissed because the statute on which that charged was based, R.C. 4549.02, violated his Fifth Amendment right against self-incrimination.

Since he was indicted nearly one year after the collision, Evans also argued that all the charges against him should be dismissed on the basis of pre-indictment delay. Evans did not request an evidentiary hearing on his motion to dismiss and no such hearing was held before the trial court.

{¶ 4} On November 9, 2017, after reviewing the parties' written arguments, the trial court issued a decision and entry overruling Evans's motion to dismiss. Evans thereafter entered a no contest plea to the indicted charges, each of which the trial court found him guilty of committing. The trial court then sentenced Evans to 180 days in jail and imposed community control sanctions.

{¶ 5} Evans now appeals from his conviction, raising three assignments of error for review.

### First Assignment of Error

{¶ 6} Evans's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN OVERRULING MR. EVANS' MOTION TO

DISMISS THE THIRD COUNT OF THE INDICTMENT [failing to stop after

an accident] BASED ON THE UNCONSTITUTIONALITY OF R.C. 4549.02.

{¶ 7} Under his First Assignment of Error, Evans contends that the trial court should have dismissed the charge for failing to stop after an accident because the statute on which that charge was based, R.C. 4549.02, violates his Fifth Amendment right against self-incrimination. We disagree with Evans's claim.

{¶ 8} "The Fifth Amendment states that '[n]o person * * * shall be compelled in any criminal case to be a witness against himself.' " *Hiibel v. Sixth Judicial Dist. Ct. of Nev.*,

542 U.S. 177, 189, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004). "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Id.*, citing *United States v. Hubbell*, 530 U.S. 27, 34-38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000).

{¶ 9} Evans claims that R.C. 4549.02 violates his Fifth Amendment right against self-incrimination because it compels him to provide information that assists the State in establishing a violation of R.C. 4549.02. Pursuant to that statute:

> In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:
>
> (a) Any person injured in the accident or collision;
>
> (b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;
>
> (c) The police officer at the scene of the accident or collision.

R.C. 4549.02(A)(1).

{¶ 10} Therefore, as noted by the Supreme Court of Ohio, "R.C. 4549.02 requires a driver involved in a collision on a public street to stay at the scene until he or she has given his or her name, address, and registration number to the other driver, to any injured

party, or to a police officer." *State v. Williams*, 79 Ohio St.3d 1, 14, 679 N.E.2d 646 (1997). A person who fails to do so is guilty of failure to stop after an accident. R.C. 4549.02(B)(1).

{¶ 11} In *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), the United States Supreme Court specifically reviewed whether the Fifth Amendment privilege against self-incrimination was infringed by a California statute that required the driver of a motor vehicle involved in an accident to stop at the scene and give his or her name and address. *Id.* at 425. Similar to R.C. 4549.02(A), the California statute provided as follows:

> "The driver of any vehicle involved in an accident resulting in damage to any property including vehicles shall immediately stop the vehicle at the scene of the accident and shall then and there * * * (l)ocate and notify the owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved[.]"

*Byers* at 426, quoting California Vehicle Code § 20002(a)(1).

{¶ 12} Upon reviewing the California statute, the United States Supreme Court held that the compelled disclosure of the driver's identity and address did not violate the privilege against self-incrimination even though it might lead to an inquiry that results in criminal charges. *Id.* at 434. In so holding, the court found that "[s]topping in compliance with [the California statute] * * * does not provide the State with 'evidence of a testimonial or communicative nature' within the meaning of the Constitution." *Id.* at 432, quoting, *Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The court additionally found that "[d]isclosure of name and address is an

essentially neutral act" and "[w]hatever the collateral consequences of disclosing name and address, the statutory purpose is to implement the state police power to regulate use of motor vehicles." *Id.*

{¶ 13} The court in *Byers* further stated that:

Although identity, when made known, may lead to inquiry that in turn leads to arrest and charge, those developments depend on different factors and independent evidence. Here the compelled disclosure of identity could have led to a charge that might not have been made had the driver fled the scene; but this is true only in the same sense that a taxpayer can be charged on the basis of the contents of a tax return or failure to file an income tax form. There is no constitutional right to refuse to file an income tax return or to flee the scene of an accident in order to avoid the possibility of legal involvement.

*Byers* at 434. *See also Moore v. State*, 12 Ohio Law Abs. 92 (2d Dist.1931) (upholding the constitutionality of former Ohio General Code §12606, which required the operator of a motor vehicle involved in an accident to stop and give his or her name and address).

{¶ 14} Based on the United States Supreme Court's holding in *Byers*, we do not find that the requirements in R.C. 4549.02(A) violate the Fifth Amendment privilege against self-incrimination. While R.C. 4549.02(A) requires the operator of a motor vehicle involved in an accident to remain at the scene and to provide his or her name and address, it does not require the individual to state a cause of the accident or to claim responsibility for the accident. As noted in *Byers*, it would be "an extravagant extension of the privilege" to hold that the neutral act of disclosing one's name and address is

"testimonial in the Fifth Amendment sense." *Byers* at paragraph two of the syllabus. Therefore, because providing one's name and address at the scene of an accident is not testimonial in nature, the Fifth Amendment privilege against self-incrimination simply does not apply.

{¶ 15} Evans's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 16} Evans's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN OVERRULING MR. EVANS' MOTION TO DISMISS BASED ON PRE-INDICTMENT DELAY.

{¶ 17} Under his Second Assignment of Error, Evans challenges the trial court's decision overruling his motion to dismiss based on his claim of pre-indictment delay. Evans contends that the trial court's ruling was in error because the trial court failed to hold an evidentiary hearing on the issue of whether Evans suffered actual prejudice from the pre-indictment delay. According to Evans, the trial court's failure to hold an evidentiary hearing violated due process and warrants reversing and remanding the matter for purposes of holding such a hearing. We again disagree with Evans's claim.

{¶ 18} It is well established that "[d]elay between a defendant's involvement in alleged criminal conduct and an indictment involving such conduct may deprive a defendant of his constitutionally protected due process rights." *State v. Moore*, 2017-Ohio-1307, 88 N.E.3d 593, ¶ 24 (2d Dist.), citing *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. However, "preindictment delay violates due process only when it is unjustifiable and causes actual prejudice[.]" *State v.*

*Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 12. Therefore, "[w]hen a defendant alleges that he has been prejudiced by the State's pre-indictment delay in pursuing a case, the defendant must first produce evidence demonstrating that the delay has caused actual prejudice to his defense." *State v. Shoopman*, 2d Dist. Montgomery No. 27182, 2017-Ohio-2612, ¶ 8, citing *Luck* at 157-158. "Then, if the defendant has established actual prejudice, the State must produce evidence of a justifiable reason for the delay." *Id.*, citing *Luck* at 158.

{¶ 19} "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Jones* at ¶ 28, citing *Luck* at 157-158. "A determination of actual prejudice involves ' "a delicate judgment" ' and a case-by-case consideration of the particular circumstances." *Id.* at ¶ 20, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52, quoting *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). "A reviewing court must scrutinize a defendant's claim of prejudice in light of the particular evidence that was lost or is unavailable as a result of the delay and, in particular, consider the effect of the lost evidence on the defense[.]" *Shoopman* at ¶ 9, citing *Jones* at ¶ 23.

{¶ 20} "General assertions that memories have faded are not sufficient to satisfy a defendant's burden to demonstrate that he suffered specific, actual prejudice." *State v. Conley*, 2d Dist. Clark No. 01-CA-0013, 2001 WL 958834, *2 (Aug. 24, 2001). *Accord Shoopman* at ¶ 9; *Jones* at ¶ 21, 27. *See also Miamisburg v. Rinderle*, 2d Dist. Montgomery No. 26094, 2015-Ohio-351, ¶ 17 (holding the defendant's broad assertion of fading memories, although potentially true, was not sufficient to establish actual

prejudice because the defendant did not identify any particular memory at issue or explain how the fading memories prejudiced him). "That does not mean, however, that *demonstrably* faded memories * * * cannot satisfy the actual-prejudice requirement." (Emphasis added.) *Jones* at ¶ 21.

{¶ 21} Anxiety stemming from the concern that one could face criminal charges is also insufficient to support a finding of actual prejudice. *State v. Weiser*, 10th Dist. Franklin No. 03AP-95, 2003-Ohio-7034, ¶ 34 (finding defendant's claim of anxiety was insufficient to establish actual prejudice because it stemmed from the fact that he was facing charges, not from the delay between the incident and his indictment). *See also State v. Glass,* 10th Dist. Franklin No. 10AP-558, 2011-Ohio-6287, ¶ 26 ("although facing criminal charges for an extended period of time necessarily entails some level of anxiety and concern, appellant's bare allegation of anxiety and concern presents no particular reason for this factor to weigh heavily in our consideration"); *State v. Eicher*, 8th Dist. Cuyahoga No. 89161, 2007-Ohio-6813, ¶ 33 (holding that defendant's blanket statement that she suffered anxiety during her four and a half month pre-trial detention was insufficient to establish prejudice with regards to speedy trial rights).

{¶ 22} With regard to an evidentiary hearing, this court has held that a trial court does not have a "per se duty" to hold an evidentiary hearing on the issue of whether actual prejudice resulted from pre-indictment delay when the parties did not request a hearing, but instead, elected to proceed on their written arguments. *State v. Buis*, 2018-Ohio-1727, 111 N.E.3d 854, ¶ 6 (2d Dist.). Although an evidentiary hearing is not required, "where the claims in a motion to dismiss would justify relief and are supported by factual allegations, the court abuses its discretion when it grants or denies the motion without a

hearing." *State v. Dillon*, 181 Ohio App.3d 69, 2009-Ohio-530, 907 N.E.2d 1226, ¶ 17 (2d Dist.).

**{¶ 23}** This court has held that a hearing *may* be proper under circumstances where a defendant asserted in his motion that prejudice existed because his memory had faded, he was unable to locate witnesses, and the victim's credibility was suspect. *Buis* at ¶ 7, citing *State v. Dixon*, 8th Dist. Cuyahoga No. 100332, 2014-Ohio-2185, ¶ 11. Specifically, this court found that a hearing on such claims "*may* have been proper to test the defendant's memory and to explore his claim about locating witnesses and the victim's credibility." (Emphasis added.) *Id.*

**{¶ 24}** In this case, Evans claimed in his motion to dismiss that the pre-indictment delay of nearly one year prejudiced him because it subjected him to "great anxiety." Evans also claimed the pre-indictment delay caused him and the witnesses to suffer from "diminished and fading memories" that impaired his defense. Evans, however, failed to request an evidentiary hearing on these claims and failed to provide any specific factual allegations supporting the claims. For example, Evans did not indicate which witnesses suffered from faded memories, what information may have been lost as a result of the faded memories, or how the faded memories impaired his defense. Instead, Evans broadly asserted that his memories and the memories of the witnesses had faded due to the pre-indictment delay. Since Evans did not specify what witnesses and information became unavailable or indicate what evidence was lost as a result of the delay, it was reasonable for the trial court not to hold an evidentiary hearing. Evans's alleged anxiety is inapposite because said anxiety stemmed from the possibility that he faced criminal charges, not from the actual pre-indictment delay.

{¶ 25} Because Evans failed to request an evidentiary hearing on his motion to dismiss and because his motion to dismiss only raised generalized claims of anxiety and potential faded memories without any supporting factual allegations, the trial court did not abuse its discretion in failing to hold an evidentiary hearing on the issue of whether Evans suffered actual prejudice as a result of the pre-indictment delay.

{¶ 26} Evans's Second Assignment of Error is overruled.

### Third Assignment of Error

{¶ 27} Evans's Third Assignment of Error is as follows:

MR. EVANS WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO REQUEST AN EVIDENTIARY HEARING TO PURS[U]E HIS CLAIM OF PRE-INDICTMENT DELAY.

{¶ 28} Under his Third Assignment of Error, Evans contends that his trial counsel provided ineffective assistance by failing to request an evidentiary hearing on the issue of whether he suffered actual prejudice from the pre-indictment delay. We disagree with Evans's claim.

{¶ 29} In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective

assistance of counsel.  *Strickland* at 697.

**{¶ 30}** To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation.  *Id.* at 688; *Bradley* at 142.  In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland* at 689.

**{¶ 31}** To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688; *Bradley* at paragraph two of the syllabus.  " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' "  *Bradley* at 142, quoting *Strickland* at 694.

**{¶ 32}** In this case, even if we were to find that Evans's trial counsel performed deficiently by failing to request an evidentiary hearing, Evans has not established that he was prejudiced by counsel's failure.  Specifically, Evans did not demonstrate that there is a reasonable probability that the outcome of his case would have been different had his trial counsel requested an evidentiary hearing.  This is because there is no guarantee that the trial court would have granted a request for an evidentiary hearing.  As previously noted, trial courts do not have a "per se duty" to hold evidentiary hearings on the issue of pre-indictment delay.  *Buis*, 2d Dist. Montgomery No. 27778, 2018-Ohio-1727 at ¶ 6.

**{¶ 33}** Further, if an evidentiary hearing had been granted in this case, it is unlikely that the trial court would have thereafter granted Evans's motion to dismiss on the basis of pre-indictment delay.  As previously noted, the broad claims in Evans's motion to

dismiss were insufficient to establish actual prejudice resulting from the pre-indictment delay. Evans also did not indicate in his motion or in his appellate brief what evidence he would have presented at an evidentiary hearing that would have caused the trial court to rule in his favor. Therefore, Evans has failed to demonstrate that an evidentiary hearing would have resulted in the trial court's granting his motion to dismiss. Accordingly, Evans's ineffective assistance claim lacks merit because he has not established any prejudice arising from trial counsel's failure to request an evidentiary hearing.

{¶ 34} Evans's Third Assignment of Error is overruled.

## Conclusion

{¶ 35} Having overruled all assignments of error raised by Evans, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Marshall G. Lachman
Hon. Gregory F. Singer