[Cite as *State v. Pajestka*, 2022-Ohio-2257.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 21CA0012-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW PAJESTKA | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 19TRC04078 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

CARR, Judge.

{¶1} Defendant-Appellant Matthew Pajestka appeals from the judgment of the Medina Municipal Court. This Court affirms in part, reverses in part, and remands the matter for an evidentiary hearing on Pajestka's motion to dismiss.

I.

{¶2} On June 8, 2019, around 12:30 a.m., police stopped Pajestka for speeding. The officer noted a strong odor of an alcoholic beverage coming from the vehicle. Pajestka was extremely talkative, and his speech was slurred. His eyes were watery and bloodshot. The officer requested backup and when it arrived, Pajestka was removed from the vehicle in order to have him perform field sobriety tests. Pajestka was asked about alcohol consumption. Pajestka denied drinking any alcohol and indicated he had only had coffee. This did not make sense to the officer because he noted a very strong odor of alcohol coming from Pajestka's person. Following

completion of the field sobriety tests, Pajestka was arrested. Pajestka submitted to a breath test, the result of which was a reading of .093.

{¶3} Thereafter, a complaint was filed charging Pajestka with violating R.C. 4511.21(C), 4511.19(A)(1)(a), and 4511.19(A)(1)(d). Pajestka was represented by multiple attorneys over the course of the proceedings. Pajestka filed a motion to suppress, which was granted in part. The trial court concluded that "the overall test results from the [horizontal gaze nystagmus,] HGN[,] test are hereby deemed admissible at any trial in this matter. The sole exception is the test result obtained from the 'onset of nystagmus prior to 45 degrees' subtest, which is hereby deemed suppressed and inadmissible." The remaining portions of the motion to suppress were denied.

{¶4} Numerous trial dates were set and reset over the span of the litigation. At one point, voir dire was set to begin August 12, 2020, with the trial following on August 13, 2020. On July 23, 2020, Pajestka filed a discovery response indicating that he had provided the State with an expert report and curriculum vitae of the expert. Pajestka further expressed his intention to call the expert as a witness at trial. The certificate of service detailed that the foregoing was emailed to the State at a specified email address. On July 31, 2020, the State filed a motion seeking to exclude the testimony of Pajestka's expert or to continue the trial. Inter alia, the State argued that Pajestka's disclosure was untimely under Crim.R. 16(K) and pointed out that Pajestka had served a part-time law clerk. Pajestka responded in opposition and the State filed a reply. Ultimately, the trial court concluded that Pajestka's expert disclosure was untimely and that he failed to serve the State as the law clerk was not an attorney or party. The trial court granted the State's motion for a discovery sanction and ordered that the expert be precluded from testifying at trial. Pajestka filed a motion for reconsideration and a supplemental motion for reconsideration, both of which were denied by the trial court.

{¶5} Voir dire began on August 12, 2020; however, on August 13, 2020, following discussions with counsel wherein Pajestka alleged misconduct by the prosecutor, the trial court discharged the jury. Pajestka argued that the case should be dismissed because, prior to jury selection, the prosecutor disclosed to defense counsel that, if Pajestka were to testify, he would be prosecuted for falsification. In addition, Pajestka alleged that the State withheld certain discovery from the defense. The trial court, after consulting with counsel, set a simultaneous briefing schedule to address the issues and specifically told counsel that counsel could request a hearing if counsel believed one was necessary.

{¶6} On August 13, 2020, the trial court issued a journal entry detailing what occurred and setting forth the briefing schedule. The entry stated that "[n]o extensions of this deadline will be granted, and no leave will be granted either to supplement filings or to respond to an opposing party's memorandum. [] The Court may request a hearing on the issues or may rule based solely upon the parties' memoranda."

{¶7} Pajestka filed a motion to dismiss on September 4, 2020, and the State filed a brief in opposition that same day, less than an hour later. In the motion to dismiss, Pajestka asserted that the prosecutor threatened that if Pajestka were to testify that he was not guilty he would be charged with falsification immediately following trial and arrested. Pajestka maintained that the prosecutor's conduct infringed upon Pajestka's right to testify. Pajestka submitted the affidavit of his attorney in support of the motion. In the affidavit, Pajestka's counsel averred that the prosecutor "threatened [Pajestka] by stating that if he told the truth, made any conflicting statements, or said anything other than what he had told police, he would be charged with Falsification, arrested, and immediately taken into custody following the trial, regardless of the outcome."

{¶8} In the brief in opposition, filed the same day as Pajestka's motion, the State indicated that the discussion occurred prior to the start of voir dire. According to the State, Pajestka's counsel requested a reduction of the R.C. 4511.19 charges and the State informed Pajestka's counsel that there would be no reduction. The State then inquired into the defense trial witnesses and whether Pajestka would testify. Defense counsel informed the prosecutor that Pajestka was unlikely to testify. The prosecutor then cautioned defense counsel that if Pajestka were to testify and commit the offense of falsification during trial, he would be charged with falsification after trial. Pajestka had made prior statements denying alcohol consumption, but the State was aware that Pajestka might testify differently given statements about alcohol consumption that were provided to the proposed expert. The State, however, did not submit any affidavits or other evidentiary materials related to the alleged prosecutorial misconduct.

{¶9} After briefing, the trial court denied the motion to dismiss. Essentially, the trial court determined that the State informed defense counsel that if Pajestka testified *and* that testimony provided evidence that supported further criminal charges, the State would pursue those additional charges. Thus, the trial court concluded that the State's conduct was not improper.

{¶10} In November 2020, Pajestka filed an exhibit/witness list disclosing the same expert who was previously excluded. In December 2020, Pajestka filed a motion to continue the trial asserting that the expert was unavailable to testify on the trial dates. The State opposed the motion noting that the expert had already been precluded from testifying at trial. The trial court denied Pajestka's motion to continue the trial and a jury trial was held in January 2021.

{¶11} During the trial, Pajestka's attorney proffered information related to the proposed expert testimony and the alleged prosecutorial misconduct. During that proffer, the trial court indicated a hearing took place on the motion to dismiss and that defense counsel did not seek leave

to respond to the State's brief. The State corrected the trial court and noted that there was only an oral motion and briefing and defense counsel asserted that the trial court told the parties there would be no reply or hearing.

{¶12} The jury found Pajestka guilty of violating R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). The trial court found Pajestka guilty of violating R.C. 4511.21(C). The matter proceeded to sentencing and Pajestka was sentenced accordingly. His sentence was stayed pending appeal.

{¶13} Pajestka has appealed, raising four assignments of error for our review. They will be addressed out of sequence to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT FAILED TO DISMISS THE CHARGES AGAINST APPELLANT, AND FAILED TO HOLD AN EVIDENTIARY HEARING, WHEN APPELLANT'S RIGHT TO TESTIFY, PRESENT HIS OWN DEFENSE, AND TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN THE ASSISTANT PROSECUTOR THREATENED TO IMMEDIATELY ARREST HIM FOR TESTIFYING TRUTHFULLY.

{¶14} Pajestka argues in his second assignment of error that the trial court erred in failing to dismiss the charges based upon alleged prosecutorial misconduct which violated his right to testify.

{¶15} After a review of the record, this Court takes no position on whether Pajestka's motion should have been granted, but nonetheless does conclude that an evidentiary hearing was warranted under the circumstances.

{¶16} It is undisputed that a defendant has a fundamental right to testify at trial and that right can only be waived by the defendant. *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 257. Moreover, "[t]o punish a person because he has done what the law plainly allows

him to do is a due process violation of the most basic sort[.]" *State v. Viscomi*, 9th Dist. Medina No. 2400-M , 1995 WL 553187, \*6 (Sept. 20, 1995), quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

**{¶17}** Here, as mentioned above, Pajestka submitted an affidavit in support of his motion to dismiss while the State submitted no evidentiary materials related to the alleged prosecutorial misconduct. Instead, the State merely presented argument. This put the trial court in the position to resolve a factual dispute and make credibility determinations with only limited evidentiary materials.

**{¶18}** Matters were further complicated by the differences between what the trial court told the parties when defense counsel raised the issue and what the trial court put in the order detailing the briefing schedule. The trial court orally told the parties that they could request a hearing if they thought one was necessary but, in the order, the trial court informed the parties that the trial court may request a hearing. Further, when the matter was raised during defense counsel's proffer at trial, the trial court seemed to believe that it had in fact had a hearing on the issue, despite that none was held. While the trial court seemed to fault defense counsel for failing to indicate a need to respond to the State's allegations, the trial court made it clear both when the motion was presented and in the order setting forth the briefing schedule that a response would not be permitted.

**{¶19}** In light of the importance of the right at stake, the seriousness of the allegations, and the trial court's own confusion over whether a hearing was held, we conclude that it is necessary to remand this matter to the trial court so that it may hold an evidentiary hearing on the issue. The hearing will allow both sides the opportunity to present evidence from which the trial

court can thereafter resolve the factual disputes and make the appropriate credibility determinations necessary to rule upon the motion to dismiss.

**{¶20}** Pajestka's second assignment of error is sustained to the extent discussed above.

## ASSIGNMENT OF ERROR III

APPELLANT WAS CONVICTED UPON INSUFFICIENT EVIDENCE WHEN THE STATE ERRED IN PROSECUTING APPELLANT UPON A DEFECTIVE COMPLAINT FOR A VIOLATION OF R.C. 4511.19(A)(1)(A) AND 4511.19(A)(1)(D) WHEN THE CHARGING INSTRUMENT CHARGED APPELLANT WITH VIOLATIONS OF R.C. 4511.19(A)(2)(A) AND 4511.19(A)(2)(D).

**{¶21}** Pajestka argues in his third assignment of error that he was convicted based upon insufficient evidence because the complaint contained charges that differed from those presented at trial. Because Pajestka is incorrect that the charges in the complaint differed from those presented at trial, we reject his argument.

**{¶22}** Pajestka asserts that the complaint charged him with violating R.C. 4511.19(A)(2)(a) and 4511.19(A)(2)(d), as opposed to R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). There is no dispute that the trial involved R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d).

**{¶23}** Here, the complaint is a citation that was filled in by hand. While the handwritten violations could possibly be read as violations of R.C. 4511.19(A)(2)(a) and 4511.19(A)(2)(d), given that the citation also indicates that Pajestka was being cited for being under the influence of alcohol or a drug of abuse and for having a prohibited BAC, and the fact that there is no section R.C. 4511.19(A)(2)(d), it is only reasonable to read the complaint as alleging violations of R.C. 4511.19(A)(1)(a) (prohibiting driving while under the influence of alcohol or a drug of abuse) and 4511.19(A)(1)(d) (prohibiting driving while having a prohibited alcohol concentration). Here the

officer's 1s could also be read as 2s; however, the circumstances dictate that the numbers are in fact 1s.

**{¶24}** Finally, we note that the summons filed in this matter listed the charges as violations of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). The fact that the complaint alleges violations of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d) is further supported by the lack of any objection by Pajestka to the trial of these charges. We note that Pajestka has not pointed this Court to anything in the record demonstrating he was confused by or questioned the charges he faced.

**{¶25}** As Pajestka's only argument that his convictions are based upon insufficient evidence is premised on the notion that he was tried on charges that differed from those in the complaint, and that premise is unfounded, Pajestka has failed to establish that his convictions are based upon insufficient evidence.

**{¶26}** Pajestka's third assignment of error is overruled on that basis.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT'S EXCLUSION OF APPELLANT'S EXPERT WAS AN ABUSE OF DISCRETION THAT DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO PRESENT A DEFENSE, AND RIGHT TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO INTRODUCE EVIDENCE OF THE HORIZONTAL GAZE NYSTAGMUS TEST AFTER FINDING ONE THIRD OF THE TEST WAS NOT COMPLETED IN SUBSTANTIAL COMPLIANCE WITH NHTSA STANDARDS.

**{¶27}** Pajestka argues in his first assignment of error that the trial court erred in prohibiting his expert from testifying at trial. Pajestka asserts that his expert disclosure was timely filed and that the State was not prejudiced by the filing. Pajestka contends that the trial court failed

to consider whether the sanction was the least restrictive sanction available, assuming there was a violation of Crim.R. 16(K).

**{¶28}** Pajestka argues in his fourth assignment of error that the trial court erred in admitting any evidence of the results of the horizontal gaze nystagmus test after the trial court suppressed a portion of the test results.

**{¶29}** Based on this Court's resolution of Pajestka's second assignment of error, we conclude that these two assignments of error are not properly before us at this time, and we decline to address them.

### III.

**{¶30}** Pajestka's third assignment of error is overruled, and his second assignment of error is sustained to the extent discussed above. His first and fourth assignments of error are not properly before us at this time and will not be addressed. The judgment of the Medina Municipal Court is affirmed in part, reversed in part, and the matter is remanded for an evidentiary hearing.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
CONCURS.

TEODOSIO, P. J.
CONCURRING.

{¶31} I concur in the majority's opinion based upon the facts of this case. Under Crim.R. 12(F), "[t]he court may adjudicate a [pretrial] motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Thus, a hearing is not specifically mandated by the rule. Nonetheless, while a hearing is not required under Crim.R. 12, I agree that a hearing was necessary given the circumstances before us, i.e. Pajestka filed the affidavit of his attorney in support of his motion. I agree with the Second District when it stated that, "where the claims in a motion to dismiss would justify relief and are supported by factual allegations, the court abuses its discretion when it grants or denies the motion without a hearing." *State v. Dillon*, 181 Ohio App.3d 69, 2009-Ohio-530, ¶ 17 (2d Dist.).

APPEARANCES:

JOSEPH C. PATITUCE, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.